UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE CARDBOARD BOX CONTAINING $50,900.00 IN MUTILATED UNITED STATES CURRENCY,<br><br>    Defendant. | Civil No. 09-86  (CKK) |

MEMORANDUM OPINION
(September 30, 2009)

Presently before the Court is a Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture filed by plaintiff, the United States of America (hereinafter the "Government"), against the defendant property, which is a cardboard box containing $50,900 of mutilated U.S. currency submitted to the U.S. government for redemption.  After thoroughly reviewing the Government's Complaint, its Motion for Entry Of A Default Judgment And For Final Order Of Forfeiture For Default Judgment and attachments thereto, relevant case law, statutory authority, and the record of the case as a whole, the Court shall GRANT the Government's [8] Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture, for the reasons that follow.

On January 14, 2009, the Government commenced this civil forfeiture action in rem against the defendant property, seeking its forfeiture under Title 31 of the United States Code, Sections 5317(c)(2) and 5332(c) and 18 U.S.C. § 981 (a)(1)(A).  *See* Complaint, Docket No. [1], ¶¶ 2-4.  As set forth in the Government's Complaint, on August 24, 2007, the U.S. Postal Service ("USPS") delivered the defendant property to the U.S. Treasury Department's Bureau of Engraving and

Printing ("BEP") in Washington, D.C.  *Id.* ¶ 1.  On March 26, 2008, a federal agent from the U.S. Department of Homeland Security executed a judicial warrant and seized the mutilated currency.  *Id.*  Following seizure of the defendant property, the Homeland Security Department's U.S. Customs and Border Protection ("CBP") unit began the process for declaring the property forfeit by non-judicial, administrative procedures.  *Id.* ¶¶ 20-21.  Mr. Ruben Espinoza Flores filed a claim in that process, which caused it to be halted.  *See id.* ¶ 22.  Thereafter, the Government brought this judicial civil forfeiture action in rem on January 14, 2009.  *See generally* Compl.

The Government's Complaint sets forth four counts of action against the defendant property.  First, the Government alleges that the person(s) who transported the property into the United States failed to file a report as required under 31 U.S.C. § 5316(b).  The defendant currency was therefore imported into the country in violation of 31 U.S.C. § 5316(a) and is subject to forfeiture under 31 U.S.C. § 5317(c)(2).  *See* Compl. at pp. 7-8 (Count One).  Second, the Government asserts that the person(s) who transported the defendant currency into the United States failed to file a report required by 31 U.S.C. § 5316 and/or structured the importation of the defendant currency in a manner intended to evade the reporting requirement of 31 U.S.C. § 5316. The defendant property was therefore imported into the United States in violation of 31 U.S.C. § 5324(c), and as such, is subject to forfeiture, pursuant to 31 U.S.C. § 5317(c)(2).  *See* Compl. at p. 8 (Count Two).  Third, the Government alleges that the defendant property was imported into the United States by a person who concealed more than $10,000 in currency in a conveyance, article of luggage, merchandise, or other container with the intent to evade a currency reporting requirement under 31 U.S.C. § 5316, and was therefore imported in violation of 31 U.S.C. § 5332(a), which prohibits bulk cash smuggling into or out of the Untied States.  Consequently, the defendant

property is property involved in a violation of 31 U.S.C. § 5332(a), and is subject to forfeiture pursuant to 31 U.S.C. § 5332(c).  *See* Compl. at pp. 8-9 (Count Three).  Fourth, the Government asserts that the defendant property was transported into the United States with the intent to promote the carrying on of specified unlawful activity, and therefore qualifies as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(2), which proscribes the laundering of monetary instruments, or property traceable to such property, or a conspiracy to commit such an offense.  As such, the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).  *See* Compl. at pp. 9-10 (Count Four).

The Government served copies of the Complaint and warrant of arrest in rem upon the defendant currency on February 9, 2009.  *See* Pl.'s Mot. for Def. J., Ex. 1.  Further, to comply with all applicable federal, supplemental, and local rules, the Government gave personal and public notice of this action as follows:

- Copies of the complaint and warrant of arrest in rem were sent to Mr. Ruben Espinoza Flores on January 16, 2009, by certified and regular mail through the USPS, addressed to Mr. Espinoza at the address he used when filing his claim in the non-judicial administrative forfeiture proceeding and the one used when the defendant property was first sent to BEP in August 2007.  The Government represents that the notice was not returned, and the certified mailing receipt was signed as received on January 21, 2009.  *See id.*, Ex. 2.

- During CBP's process for administrative forfeiture, the Government caused notice to be published in THE WASHINGTON TIMES on August 11, 18, and 25, 2009.  *See id.*, Ex. 3.

- Additionally, a notice of seizure was published on the federal government's computer internet website, www.forfeiture.gov, according to Rule G(4)(a)(iv)(C) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions.  The Government represents that the first date of the internet publication was on February 22, 2009, and notice was published for at least 30 consecutive days.  *See id.*, Ex. 4.

No response, answer, or defense was interposed in accordance with applicable rules. On May 28, 2009, the Government filed an affidavit of default, *see* Docket No. [5], and the Clerk of the Court entered default on May 29, 2009, *see* Docket No. [7]. No person has filed a claim or pleading to challenge the defendant property's forfeiture, and the time for filing a claim expired "30 days after the date of service of the government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A); *see also* Rule G(5) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. In this action, that date was 30 days after March 23, 2009, or April 23, 2009.

Based on the Government's well-pleaded allegations in the Complaint, the Court finds that the defendant property was imported into the United States in violation of 31 U.S.C. §§ 5316, 5324(c), 5332(a) and 18 U.S.C. § 1956(a)(2) and is therefore subject to forfeiture under 31 U.S.C. §§ 5317(c)(2), 5332(c), and 18 U.S.C. § 981(a)(1)(A). The Court also finds that process was fully issued in this action with respect to the defendant currency and returned according to law and that CBP served the defendant currency on February 9, 2009. As no defense to the forfeiture remains interposed and no opposition has been made to the Government's Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture, default judgment is therefore appropriately entered against the defendant property. Accordingly, the Court shall GRANT the Government's [8] Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture. An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2009

/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge